CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 18 2012
JULIA C. ...LEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SEAN ANTONIO ROBERTSON, | Criminal Action No. 7:10-cr-00054 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES, | |
| | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

Petitioner Sean Antonio Robertson, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (2006), arguing that the advice given to him by his attorney in regards to two offered pleas amounted to ineffective assistance of counsel. By conditional filing order, entered June 26, 2012, the court notified Robertson that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Robertson has responded and, based on his response and petition, the court finds that Robertson's motion is barred by the one-year statute of limitations for filing a § 2255 motion and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely.

I.

On August 26, 2010, a grand jury in the Western District of Virginia indicted Robertson for conspiring to distribute and to possess with intent to distribute fifty grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count One"), and distributing five grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Two"). On September 20, 2010, pursuant to a written plea agreement,

Robertson pled guilty to Count One of the Indictment. As part of the plea agreement, the United States agreed to move to dismiss Count Two of the Indictment. Also, as part of the plea agreement, Robertson agreed that he would waive his right to collaterally attack the judgment and any part of his sentence under § 2255. On April 12, 2011, the court sentenced Robertson to 188 months incarceration as to Count One. Robertson did not appeal; however, he mailed his § 2255 motion to the court on June 15, 2012.

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a mandatory one-year statute of limitations period for § 2255 motions which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). The court entered Robertson's judgment on April 12, 2011. Because Robertson did not appeal, his conviction became final fourteen days later, on April 26, 2011, and the one-year statute of limitations under § 2255 ran on April 26, 2012. However, Robertson did

2

not mail his motion to the court until June 15, 2012. Accordingly, Robertson's petition is time-barred unless he demonstrates grounds for calculating the statute of limitations from some date other than the date on which the judgment of conviction became final.

The court conditionally filed Robertson's motion, advising him that his motion appeared to be untimely under § 2255(f) and asking him to present any additional evidence or argument concerning the timeliness of his motion. In response, Robertson argues that the statute of limitations should run not from April 22, 2012, but rather from the date the Supreme Court of the United States handed down its decision in Missouri v. Frye, 132 S.Ct. 1399 (2012), which Robertson argues created a new right made retroactively applicable to cases on collateral review. The court does not agree and, consequently, finds that Robertson's motion is untimely.

The Court in Frye did not purport to recognize a new right. The Court noted that "[i]t is well settled that the right to the effective assistance of counsel applies to certain steps before trial," including the entry of a guilty plea, Frye, 132 S.Ct. at 1405 (citing Argersinger v. Hamlin, 407 U.S. 25 (1972), and that "claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland, Id. (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). The Court further noted that the "application of Strickland to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in Hill." Id. at 11. The Court did not recognize a new right; rather, it applied a long recognized right to a particular set of facts.[1] Accordingly, the statute of limitations applicable to Robertson's motion runs from the date his conviction became final, not from the date of the Supreme Court's decision in Frye.

---

[1] Even if the Court did recognize a new right in Frye, Robertson's argument for calculation of the statute of limitations would be unavailing. In Frye, the petitioner's attorney failed to inform him of either plea that had been offered. Frye, 132 S.Ct. at 1404. Here, Robertson is not arguing that his attorney failed to present an offered plea, but rather that his attorney gave him "legal advice predicated on [a] plainly false interpretation of law," (Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence 5, ECF No. 257), and it is a 2005 case, Rompilla v. Beard, 545 U.S. 374, 383 (2005), on which Robertson relies in making that

3

## III.

For the reasons stated, the court dismisses Robertson's § 2255 motion as untimely. The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to the petitioner.

**ENTER:** July 18, 2012.

UNITED STATES DISTRICT JUDGE

---

assertion. Robertson also cites Lafler v. Cooper, 132 S.Ct. 1376 (2012), in his response. (Pet'r's Resp. 2, ECF No. 259.) Lafler is inapposite. In Lafler, the Supreme Court examined whether ineffective assistance of counsel that led the petitioner to reject a plea deal is necessarily cleansed by a full and fair trial by a jury, concluding that it is not. 132 S.Ct. at 1383. Here, Robertson did not proceed to trial.

4