IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 7:10cr54 |
| ) | |
| ) | By: Michael F. Urbanski |
| SEAN ANTONIO ROBERTSON, ) | |
| Defendant ) | Chief United States District Judge |

### ORDER

Sean Antonio Robertson, represented by counsel, filed a motion for compassionate release due to the COVID-19 pandemic, ECF No. 425. The government responded, opposing the request, ECF No. 427. The government argues, among other issues, that the court should deny Robertson's motion without prejudice because he has failed to exhaust his administrative remedies. The court agrees.

The compassionate release statute requires that a petitioner exhaust his administrative remedies prior to bringing a motion before the district court. See 18 U.S.C. § 3582(c)(1)(A). A petitioner only may bring a motion in the district court if one of two conditions is satisfied, either (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, Robertson argues that he has fulfilled the exhaustion requirement because he made a request for home confinement over thirty days ago. However, as the government argues, Robertson did not submit a request for a reduction in his sentence until June 14, 2020 and the present

motion was filed on June 16, 2020. Because, at the time his motion was filed, the warden had not responded to Robertson's request and thirty days had not lapsed without a response from the warden, Robertson has failed to meet the requirements under § 3582(c)(1)(A).[1]

Before the court can consider a motion for compassionate release by Robertson, he must first wait for the warden to respond to his compassionate release request or otherwise satisfy the exhaustion requirement in § 3582(c)(1)(A). Because he has failed to exhaust available administrative remedies as required by § 3582(c)(1)(A), Robertson's motion for compassionate release, ECF No. 425, is **DENIED without prejudice**.

---

[1] Robertson also asserts that the court should excuse exhaustion as futile or that requiring exhaustion will result in irreparable injury. While this court has previously found that the exhaustion requirement can be waived under certain circumstances, Robertson has failed to justify such waiver. See United States v. Zukerman, 16-cr-194, 2020 WL 1659880, at *2–3 (S.D.N.Y. Apr. 3, 2020) (noting that exhaustion may be excused under three circumstances: (i) when it would be futile; (ii) where administrative process would not grant adequate relief; and (iii) where pursuing administrative process would subject the party to undue prejudice). Robertson merely argues that the court can excuse the exhaustion requirement but does not address why the court should excuse the exhaustion requirement in this case. As such, the court finds that Robertson has not met his burden of showing that he exhausted his administrative remedies or that such requirement should be excused. See United States v. Kinley, No. 1:16-cr-10018, 2020 WL 2744110, at *2 (W.D. Ark. Apr. 17, 2020) (The "[d]efendant bears the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion."); see also United States v. Morrison, No. 5:07-cr-00050, 2020 WL 4016253, at *2 (W.D.N.C. July 16, 2020) ("It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice.").

Further, the fact that Robertson has tested positive for COVID-19 is insufficient to excuse the exhaustion requirement or, on its own, establish extraordinary and compelling reasons warrant a reduction in his sentence. See United States v. Rumley, No. 4:08-cr-5, 2020 WL 2499046, at *2 (W.D. Va. May 14, 2020).

Finally, to the extent that Robertson argues that his confinement is a violation of the Fifth or Eighth Amendment, such a challenge is not properly before this court on a compassionate release motion. See United States v. Freshour, No. 5:06-cr-13, 2020 WL 357315, at *3 (W.D.N.C. July 1, 2020) ("Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3583(c)."); see also United States v. Rodriguez-Collazo, No. 14-cr-378, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("However, [the Fifth and Eighth Amendment] claims – which the Court construes as challenging the execution of his sentence at Elkton FCI – are not properly brought in a motion for compassionate release, and this Court does not have jurisdiction to consider them.").

It is so **ORDERED**.

Entered: August 24, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.24 18:42:14
-04'00'

Michael F. Urbanski
Chief United States District Judge