IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:10-CR-00054 |
| v. ) | |
| ) | |
| SEAN ANTONIO ROBERTSON, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Sean Antonio Robertson's motion, through counsel, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 429. The government opposes the motion. ECF No. 433. For the reasons stated herein, the court will **DENY** Robertson's motion.

### I.

On September 30, 2010, Robertson entered into a written plea agreement in which he pleaded guilty to one count of distributing a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF No. 98. On April 12, 2011, Robertson was sentenced to 188 months of incarceration. ECF No. 207. On June 8, 2015, the court reduced Robertson's sentence to 151 months pursuant to the First Step Act of 2018. ECF No. 309. Robertson has been in continuous custody since August 6, 2010, ECF No. 387 at 1, and has served more than 93% of his sentence, ECF No. 429 at 2. Robertson is currently in a halfway house in Butner, North Carolina, and is scheduled to be released on April 27, 2021.[1]

Robertson seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2021) (search "Sean Antonio Robertson").

1

the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Robertson does not present any underlying health conditions that make him particularly susceptible to contracting COVID-19. Instead, Robertson worries that he is unable to protect himself from COVID-19 while in federal custody. ECF No. 429 at 8–9. Robertson argues that his Fifth and Eighth Amendment rights are being violated because the government "cannot inflict punitive conditions, affirmatively place [a] person in danger and then act with deliberate indifference, or otherwise fail to provide for their basic human needs[.]"[2] Id. at 15. Robertson believes that serving the remainder of his sentence will "likely [be] a death sentence[.]" Id. at 14. Robertson tested positive for COVID-19 on June 10, 2020, id. at 16, and has not stated that he has any enduring symptoms. Robertson seeks immediate release to home confinement or to supervised release for the remainder of his sentence. Id. The government opposes any sentence reduction for Robertson. ECF No. 433. This matter is fully briefed and ripe for disposition.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon

---

[2] A motion for compassionate release is not the appropriate vehicle for Fifth or Eighth Amendment claims. See United States v. Medin Kosic, No. 18 Cr. 30(PAC), 2021 WL 1026498, at *4 (S.D.N.Y. Mar. 17, 2021) ("Kosic's claim that the BOP is violating his Eighth Amendment and (Fifth Amendment) Due Process rights by failing to keep him safe from COVID-19 . . . is not properly brought in a motion for compassionate release[.]"); United States v. Vo, No. 7:19-cr-00018, 2020 WL 6273432, at *3 n.1 (W.D. Va. Oct. 26, 2020) ("[A] motion for compassionate release is not the appropriate vehicle for Eighth Amendment claims."). As such, the court will not address Robertson's Fifth or Eighth Amendment arguments.

[3] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Robertson's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Robertson is a danger to the safety of the community.

i. <u>Robertson has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United</u>

3

States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Robertson requested compassionate release from the warden of his facility on June 14, 2020. ECF No. 433 at 4. Robertson first filed a motion for compassionate release with this court on June 16, 2020. ECF No. 425. His motion was denied without prejudice for failure to exhaust administrative remedies. ECF No. 428. Robertson filed a second motion for compassionate release with this court on September 3, 2020. ECF No. 429. The warden had still not responded to Robertson's request at the time of Robertson's second filing. ECF No. 433 at 5. The government does not contest that Robertson has exhausted his administrative remedies. Id. at 5. Accordingly, the court finds that Robertson has satisfied the statute's exhaustion requirement.

ii. Robertson does not present extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the

defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n.1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[4]

Here, Robertson does not allege that he has any underlying health conditions that make him particularly susceptible to contracting COVID-19. Robertson has also already contracted COVID-19 once and, thankfully, recovered. ECF No. 429 at 16. Robertson's

---

[4] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021).

recovery is encouraging and "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[5] Because Robertson does not present any health conditions that would make him more susceptible to contracting COVID-19 and he has already had and recovered from COVID-19, he has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction. While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." Raia, 954 F.3d at 597. Because the court finds that Robertson has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[6]

### III.

For the reasons stated herein, the court will **DENY** Robertson's motion for compassionate release, ECF No. 429. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: April 7, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.07 15:16:24 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Apr. 5, 2021).
[6] Because the court finds that Robertson has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.